IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IRVIN RAMON LAMBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-958-GBL-MSN |
| ) | |
| WHITING TURNER CONTRACTOR, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the court on Defendant Whiting Turner Contractor's ("Whiting Turner") Motion to Dismiss (Doc. 10). This case arises from Defendant Whiting Turner's termination of Plaintiff Irvin Lambert ("Lambert") from his construction-based employment.

The issue is whether Plaintiff has alleged sufficient facts to support claims of discrimination based on his disability and age, retaliation for alleged whistleblowing, or defamation. The Court finds that it does not have jurisdiction to review Plaintiff's claim of discrimination based on disability and that Plaintiff has not alleged facts sufficient to support claims of age discrimination, retaliation for whistleblowing, or defamation. Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint, without prejudice.

### I. BACKGROUND

Defendant Whiting Turner is a general contracting firm headquartered in Baltimore, Maryland. Compl. at 1; *see also* Mtn. at 2. Whiting Turner hired Plaintiff Irvin Lambert ("Lambert") as a construction laborer on July 28, 2014. *Id.* at 1-2. When he was hired, Lambert

was 54 years old. *See* Reply at 1. During the relevant period of Lambert's employment with Whiting Turner, Whiting Turner and its employees—including Lambert—were engaged in a construction project at Ashby Ponds Senior Living retirement community in Ashburn, Virginia (the "Ashby jobsite"). *Id.*

Lambert worked at the Ashby jobsite with "Mike," another laborer and the son-in-law of Lambert's supervisor, Brian Olsen ("Olsen"). *Id* at 2. As a construction employee, Lambert's job required him to constantly lift and operate heavy material. *Id.* While working at Whiting Turner, Lambert eventually developed a hernia in his right groin. *Id.* at 2-3. On September 5, 2014 Mike instructed Lambert to walk up four flights of stairs, carrying 75 pounds of waterproof paper; in light of his hernia, Lambert refused. *Id.* at 4. On September 6, 2014, Lambert noticed three Hispanic boys working at the Ashby jobsite. *Id.* at 5. When he inquired about the boys to a nearby woman, the woman informed him that the boys were her children and were 12, 15, and 17 years old respectively. *Id.* Lambert sought to report the children to a supervisor, J.R., but found J.R. "sitting in a chair in a corner passed-out drunk" and thus did not report the children that day. *Id.* at 6. On September 8, 2014, Lambert told his supervisor Brian Olsen that he witnessed "a Hispanic woman [] working on the jobsite with three of her sons illegally." *Id.*

The next day, Tuesday September 9, 2014, Olsen told Lambert that he was terminated because sexual harassment charges were filed against him based on an encounter with a white female on September 5, 2014. *Id.* at 7. Mr. Lambert now alleges in his Complaint that he was terminated by Whiting Turner because of his alleged disability (a hernia), his age, and/or in retaliation for alleged "whistleblowing" activities. *See generally* Compl. Additionally, Lambert claims that Whiting Turner defamed his name by stating that Lambert's termination was a result of a sexual harassment charge that actually did not exist. *Id.*

2

Whiting Turner denies Lambert's allegations of discrimination, retaliation, and defamation and argues that Lambert was terminated for legitimate, non-discriminatory reasons — *i.e.* his failure to abide by Whiting Turner's policies prohibiting sexual harassment. *See* Mtn. to Dismiss. Mr. Lambert filed an EEOC Charge of Discrimination with the Virginia Council on Human Rights on October 17, 2014, alleging that he was terminated in violation of the Age Discrimination in Employment Act and the Virginia Human Rights Act. *See* Notice of Right to Sue; Doc. 1 at 12. On May 06, 2015 the EEOC issued Plaintiff a Notice of Right to Sue letter. *Id.* Plaintiff then filed the current action in this Court on July 29, 2015. Doc. 1.

## II. STANDARD OF REVIEW

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) should be granted unless the complaint "states a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In considering a rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). No such assumption of truth is afforded to those "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citations omitted). Nor is the court obligated to assume the veracity of the legal conclusions drawn from the facts alleged. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (citing *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979)). Thus, the court's review involves the separation of factual allegations from legal conclusions. *Burnette v. Fahey*, 698 F.3d 171, 180 (4th Cir. 2012). In addition to the complaint, the court will also examine

"documents incorporated into the complaint by reference," as well as those matters properly subject to judicial notice. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citations omitted); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 176 (4th Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

The complaint must contain sufficient factual allegations, taken as true, "to raise a right to relief above the speculative level" and "nudge [the] claims across the line from conceivable to plausible." *Vitol*, 708 F.3d at 543 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The facial plausibility standard requires pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). The plausibility requirement imposes not a probability requirement but rather a mandate that a plaintiff "demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Accordingly, a complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Id.* (citing *Iqbal*, 556 U.S. at 679 and *Twombly*, 550 U.S. at 557). The complaint must present "'enough fact to raise a reasonable expectation that discovery will reveal evidence' of the alleged activity." *US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). Thus, in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must present sufficient non-conclusory factual allegations to support reasonable inferences of the plaintiff's entitlement to relief and the defendant's liability for the unlawful act or omission alleged. *See*

*Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678-79 and *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969-70 (4th Cir. 1992) (en banc)).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertions' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted). Thus, the court "need not assume the veracity of 'bare legal conclusions.'" *Burnette*, 687 F.3d at 180 (citing *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011)). Thus, in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must present sufficient non-conclusory factual allegations to support reasonable inferences of the plaintiff's entitlement to relief and the defendant's liability for the unlawful act or omission alleged. *See Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678-79; *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969-70 (4th Cir. 1992) (en banc)).

## II. ANALYSIS

The Court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint because the Court finds that it does not have jurisdiction to review Plaintiff's claim of discrimination based on disability and Plaintiff has not alleged facts sufficient to support plausible claims of age discrimination, retaliation for whistleblowing, or defamation.

### A. Plaintiff Has Failed to Exhaust the Prerequisite Administrative Remedies Before Bringing His Disability Discrimination Claim in This Court.

The Court GRANTS Defendant's Motion to Dismiss Plaintiff's Disability Discrimination claim for Lack of Subject Matter Jurisdiction because Plaintiff has failed to exhaust all administrative remedies before filing his claim in this Court. Specifically, Plaintiff has not filed a Charge of Discrimination with the EEOC, alleging discrimination based on his disability, *before* filing his disability discrimination claim.

The Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, requires a plaintiff to file a timely Charge of Discrimination with the EEOC before pursuing a suit in federal court. *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) ("Modeled after Title VII of the Civil Rights Act of 1964, the ADA incorporates that statute's enforcement procedures, including the requirement that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court.") (internal citations omitted). This requirement is jurisdictional and cannot be excused. *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995) ("Davis never had a charge properly pending before the EEOC. He thus was never entitled to a right-to-sue letter from the EEOC, and consequently the federal district court had no jurisdiction over his claim. *We have long held that receipt of, or at least entitlement to a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint.*") (emphasis added).

Here, although Plaintiff properly filed a charge with the EEOC alleging discrimination, this charge was only for *age* discrimination and not disability discrimination. *See* Notice of Right to Sue; Doc. 1 at 12 (checking only the box for *age* discrimination and stating "The EEOC is closing your case. Therefore, your lawsuit *under the ADEA* must be filed in federal or state court WITHIN 90 DAYS.") (emphasis added). In fact, Plaintiff himself admits that he has never filed a Charge of Discrimination with the EEOC where he raised *disability* discrimination. *See* Opp. at 1 ("Whiting Turner state [sic] that I have failed to exhaust my administrative remedies for disability discrimination, *this is true*, the EEOC charging documents only gave me permission to sue in regards to age discrimination.") (emphasis added). In light of Plaintiff's failure to first file a charge of disability discrimination with the EEOC, this Court does not have jurisdiction to review Plaintiff's disability discrimination claim. Therefore, the Court GRANTS Defendant's

6

Motion to Dismiss Plaintiff's Disability Discrimination claim for Lack of Subject Matter Jurisdiction.

### B. Plaintiff Failed to State a Plausible Claim Alleging Age Discrimination.

The Court GRANTS Defendant's Motion to Dismiss Plaintiff's Age Discrimination claim under Federal Rule 12(b)(6) because Plaintiff fails to sufficiently plead facts to support a Title VII Age Discrimination claim. Specifically, Plaintiff's Complaint fails to plead facts that show that, at the time of his termination, Plaintiff was performing his duties at a level that met his employer's legitimate expectations or that he was replaced by a substantially younger individual.

Under § 4(a)(1) of the Age Discrimination in Employment Act ("ADEA"):

> It shall be unlawful for an employer: (1) "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; or (2), to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. 623(a)(1).

To plausibly establish a cause of action for ADEA age discrimination a plaintiff must allege facts sufficient to show that (1) he is a member of a protected class, *i.e.* over 40 years of age; (2) he suffered an adverse employment action; (3) he was performing his duties at a level that met his employer's legitimate expectations; and (4) he was replaced by a substantially younger individual. *See e.g., O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 310-11 (1996), *cert. denied*, 519 U.S. 1040 (1996); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S, 792 (1973) *Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420, 430 (4th Cir. 2000).

Here, Plaintiff alleges that he was over 40 years old and thus a member of a protected class, and subsequently suffered an adverse employment action—his termination from Whiting

7

Turner. *See generally* Compl. and Opp. However, Plaintiff's Complaint lists no facts that support a finding that, at the time of his termination, Plaintiff was performing his job satisfactorily and meeting his employer's legitimate expectations. *See generally* Compl. Plaintiff's Complaint notes that, prior to his termination, he developed a hernia and thus, requested to be assigned lighter duties—however, this is the extent to which Plaintiff discusses his work performance. *See* Compl. at 3. This omission of fact completely ignores the third element required to demonstrate a plausible age discrimination claim.

Additionally, Plaintiff's Complaint alleges no facts to demonstrate the fourth element required for an age discrimination claim—that after Plaintiff's termination, Plaintiff was replaced by someone outside of the protected class, *i.e.* a person substantially younger than Plaintiff. *See generally* Compl. In fact, Plaintiff's Complaint fails to mention entirely, whether any other employees not similarly situated to Plaintiff, received Plaintiff's positon after he was terminated or were treated differently than Plaintiff. Again, such omission of facts ignores a crucial element of an age discrimination claim. Because Plaintiff has failed to plead facts that address the third and fourth elements of an age discrimination claim, Plaintiff's age discrimination claim is not a plausible claim for relief under the ADEA must be dismissed.[1] Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Age Discrimination claim under Federal Rule 12(b)(6).

### C. Plaintiff Failed to State a Plausible Claim Alleging Retaliation.

The Court GRANTS Defendant's Motion to Dismiss Plaintiff's Claim of Retaliation based on Whistleblowing because, to the extent that Plaintiff's Complaint actually sets forth an

---

[1] Plaintiff, in his Opposition to Defendant's Motion to Dismiss, simply lists and affirmatively states the elements required to satisfy an age discrimination claim. First, on a motion to dismiss, the Court only considers the four corners of the complaint. However, even if the Court were to review the statements in the Opposition, in light of Plaintiff's *pro se* status, without factual support, such conclusory statements do not save Plaintiff's age discrimination claim from dismissal. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

Fair Labor Standards Act ("FLSA") retaliation claim, Plaintiff's Complaint fails to allege facts demonstrating Plaintiff's right to relief under the FLSA.

Section 215(a)(3) of Title 29 of the United States Code makes it unlawful to:

> [D]ischarge or in any other manner discriminate against any employee because such employee has *filed any complaint* or instituted or caused to be *instituted any proceeding* under or related to this chapter, *or has testified or is about to testify in any such proceeding*, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3) (emphasis added).

The Fourth Circuit held that the type of "proceeding" required for liability under the FLSA retaliation provision "referred only to administrative or legal proceedings, and *not to the making of an intra company complaint.*" *King v. Marriott International Inc.*, 337 F.3d 421, 427 (4th Cir. 2003) (summarizing the court's holding in *Ball v. Memphis Bar–B–Q Co.*, 228 F.3d 360, 363 (4th Cir. 2000)). The *Ball* court explained that the terms "testify" and "institute" in the FLSA regulation both connote "a formality that *does not attend an employee's oral complaint to his supervisor.*" *Ball*, 228 F.3d at 364 (emphasis added).

Here, Plaintiff is alleging that his termination from Whiting Turner was in retaliation for his statement regarding potentially illegal child labor, in violation of the FLSA's whistleblower protections. However, Plaintiff's basis for such allegation rests solely on the fact that Plaintiff made an *internal complaint* to his supervisor that three Hispanic children were illegally working at Whiting Turner. *See* Compl. at 6. This is the exact type of internal complaint the Fourth Circuit, in both *Ball* and *King*, has deemed insufficient to satisfy a claim under FLSA. *See King*, 337 F.3d at 427; *Ball*, 228 F.3d 360 at 363. Additionally, prior to his termination, Plaintiff had not testified at any formal proceeding nor filed any formal complaint against Whiting Turner, based on its alleged activity. Instead, Plaintiff merely informed his supervisor that "a Hispanic

9

woman and her three sons were working on the jobsite illegally." This fact alone is hardly sufficient to support a claim under the FLSA for retaliation.

To the extent that Plaintiff's Complaint seeks to bring his "whistleblowing" claim under Virginia law, the claim nevertheless fails because the Commonwealth of Virginia utilizes the at-will employment doctrine and thus, does not recognize a common-law "whistleblower" action for retaliatory discharge. *See Dray v. New Mkt. Poultry Products, Inc.*, 518 S.E.2d 312, 313 (Va. 1999) (refusing to recognize an exception to Virginia's at-will employment doctrine where a plaintiff reported allegedly unsanitary conditions in her poultry plant to government inspectors). Thus, because Plaintiff's Complaint fails to allege facts sufficient to support a retaliation claim under either the FLSA or Virginia law, Plaintiff's claim of retaliation based on whistleblowing must also be dismissed. Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's claim of Retaliation under Federal Rule 12(b)(6).

### D. Plaintiff Failed to State a Claim For Defamation.

The Court GRANTS Defendant's Motion to Dismiss Plaintiff's Defamation claim under Federal Rule 12(b)(6) because Plaintiff fails to sufficiently plead facts to support such claim.

Under Virginia law, the three elements of a defamation claim are (1) publication of (2) an actionable statement with (3) the requisite intent. *See Jordan v. Kollman*, 612 S.E.2d 203, 206 (Va. 2005). To demonstrate the first element requiring publication, a defamatory statement must be "communicated to a third party 'so as to be heard and understood by such person.'" *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 915 (E.D. Va. 2004).

Here, while Plaintiff's Complaint pleads facts that allege a defamatory statement about Plaintiff (that he was charged with sexually harassing a female employee) and alleges the statement was made with the intent of terminating Plaintiff, Plaintiff's Complaint never pleads facts to demonstrate such statement was ever *published*—the first element required in a defamation action.

*See* Compl. As noted in *Katz*, publication of a defamatory statement *requires* the defendant to communicate the statement to another. *Katz*, 332 F. Supp. 2d at 915. Here however, Plaintiff only states in his Complaint that *he* informed fellow coworkers, his union representative, and an unemployment benefits Deputy that his termination was based on an alleged sexual harassment charge. *See* Compl. at 6-7. Plaintiff, at no point in his Complaint[2], alleges that Whiting Turner, or any of its employees, communicated such information to another. In light of this, Plaintiff fails to allege facts sufficient to support the elements of a claim of defamation under Virginia law. Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Defamation claim under Federal Rule 12(b)(6).

In light of the foregoing, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint *without prejudice*. This Court GRANTS Plaintiff LEAVE TO AMEND the Complaint should he so choose, however, any Amended Complaint should be filed within thirty (30) days of this Order. Accordingly, the Court will schedule the Final Pretrial Conference and subsequent trial for a date after June 1, 2016 to give the parties time to respond to the Amended Complaint.

### III. CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss because the Court does not have jurisdiction to review Plaintiff's disability discrimination claim and Plaintiff has not plead sufficient facts to support an age discrimination, retaliation, or defamation claim. Without such facts, the Complaint is not facially plausible.

---

[2] In his Response, Plaintiff improperly introduces new facts, to support his defamation claim, that were not initially alleged in his Complaint. However, a party may not rely on new allegations in a response to a motion to dismiss as a means of defeating the motion, and thus this Court cannot consider such statements. *See, e.g., Materson v. Stokes*, 166 F.R.D. 368, 370 (E.D. Va. 1996) (deciding to only address the facts and allegations addressed in the complaint even though a *pro se* party improperly included "new allegations" in its response to the motion to dismiss).

For the reasons stated above, it is hereby

**ORDERED** that Defendant Whiting Turner's Motion to Dismiss for Failure to State a Claim (Doc. 10) is **GRANTED** *without prejudice*.

**IT IS FURTHER ORDERED** that the Court GRANTS Plaintiff LEAVE TO AMEND his Complaint, if at all, no later than thirty (30) days of this Order.

**IT IS SO ORDERED.**

ENTERED this 19th day of May, 2016.

Alexandria, Virginia
5 / 19 / 2016

/s/
Gerald Bruce Lee
United States District Judge